UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NICOLAS G.,[1]<br><br>   Petitioner,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security Administration,[2]<br><br>   Respondent. | Case No. 1:20-CV-00306-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

Before the Court is Nicolas G.'s Petition for Review of the final decision of the Commissioner of Social Security denying his application for a period of disability and disability insurance benefits, filed on June 16, 2020. (Dkt. 1.) The Court has reviewed the Petition, the parties' memoranda, and the administrative record (AR). For the reasons set forth below, the Court will remand the decision of the Commissioner for further proceedings.

---

[1] Partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] Kilolo Kijakazi is substituted for Andrew Saul pursuant to Federal Rule of Civil Procedure 25(d). Kijakazi became the Acting Commissioner of Social Security Administration on July 9, 2021.

## PROCEDURAL AND FACTUAL HISTORY

On February 27, 2019, Petitioner protectively filed an application for a period of disability and disability insurance benefits under Title II of the Social Security Act, beginning October 1, 2016. Petitioner meets the insured status requirements through December 31, 2022. The application was denied initially and on reconsideration.

A hearing was conducted on November 5, 2019, before Administrative Law Judge (ALJ) David Willis. After considering testimony from Petitioner and a vocational expert, the ALJ issued a written decision on January 28, 2020, finding Petitioner not disabled. (AR 13-24.) The Appeals Council denied Petitioner's request for review on May 20, 2020, making the ALJ's decision final. (AR 1-6); 42 U.S.C. § 405(h). Petitioner timely filed this action seeking judicial review of the ALJ's decision. The Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

The disability onset date was amended at the hearing to February 15, 2017. (AR 32-33.) At the time of the alleged disability onset date, Petitioner was twenty-five years of age. Petitioner is a military veteran with a bachelor's degree in criminal justice and prior work experience as a records technician, military police, and security guard. (AR 22.) Petitioner claims disability due to certain physical and mental impairments, including: persistent depressive disorder, generalized anxiety disorder, migraine headaches, lower spine injury, and tinnitus.

## STANDARD OF REVIEW

The Court must uphold an ALJ's decision, unless: 1) the decision is based on legal error, or 2) the decision is not supported by substantial evidence. *Revels v. Berryhill*, 874

F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla, but less than a preponderance of evidence. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

In making its determination, the Court considers the administrative record as a whole, weighing both the evidence that supports, and the evidence that does not support, the ALJ's conclusion. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014). The Court considers only the reasoning and actual findings identified by the ALJ and may not affirm for a different reason or based on post hoc rationalizations attempting to infer what the ALJ may have concluded. *Id.* at 1010; *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1225-26 (9th Cir. 2009).

It is unnecessary for the ALJ to "discuss all evidence presented." *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must, however, explain why "significant probative evidence has been rejected." *Id*.

If the ALJ's decision is based on a rational interpretation of conflicting evidence, the Court will uphold the ALJ's finding. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008). The Court "may not substitute [its] judgment for that of the Commissioner." *Verduzco v. Apfel*, 188 F.3d 1087, 1089 (9th Cir. 1999). The Court will not reverse the ALJ's decision if it is based on harmless error, which exists where the error is "inconsequential to the ultimate nondisability determination, or if despite the

MEMORANDUM DECISION AND ORDER - 3

legal error, the agency's path may reasonably be discerned." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (internal marks and citations omitted); *see also Molina v. Astrue*, 674 F.3d 1104, 1117–1122 (9th Cir. 2012).

## ISSUES PRESENTED[3]

Petitioner raises the following issues as grounds for reversal and remand:

1. Whether the ALJ erred at step three?

2. Whether the ALJ erred in evaluating the medical opinion evidence?

3. Whether the ALJ erred in discounting Petitioner's symptom statements?

4. Whether the ALJ erred in assessing Petitioner's Residual Functional Capacity?

## DISCUSSION

**1.    The ALJ Erred at Step Three.**

**A.    Legal Standard**

The ALJ follows a five-step sequential process in determining whether a person is disabled or continues to be disabled within the meaning of the Social Security Act (SSA). *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v); 20 C.F.R. § 404.1594. As relevant here, where a claimant is found to have at least one severe impairment at step two of the sequential process, *see* 20 C.F.R. § 404.1520(a)(4)(ii), step three requires the ALJ to evaluate whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R., Part 404, Subpart P, Appendix 1. *See* 20 C.F.R. §§ 404.1520(a)(4)(iii), and

---

[3] The Court will not address issues two, three, or four, due to finding legal error at step three on issue one, as explained more fully below.

(d); 20 C.F.R. § 404.1525; *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If a claimant is found to have "an impairment or combination of impairments that meets or equals a condition outlined in the 'Listing of Impairments,' the claimant is presumed disabled at step three [of the sequential process], and the ALJ need not make any specific finding as to his or her ability to perform past relevant work or any other jobs." *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001) (citing 20 C.F.R. § 404.1520(d)).

"To *meet* a listed impairment, a claimant must establish that he or she meets each characteristic of a listed impairment relevant to his or her claim." *Tackett*, 180 F.3d at 1099 (emphasis in original). "To *equal* a listed impairment, a claimant must establish symptoms, signs, and laboratory findings 'at least equal in severity and duration' to the characteristics of a relevant listed impairment, or, if a claimant's impairment is not listed, then to the listed impairment most like the claimant's impairment." *Id.* (emphasis in original); 20 C.F.R. § 404.1526(a).

The claimant bears the burden of producing medical evidence that establishes all of the requisite medical findings that his or her impairments meet or equal a particular listing. *Bowen v. Yuckert*, 482 U.S 137, 146, n. 5 (1987). If the claimant is alleging equivalency to a listing, the claimant must proffer a theory, plausible or otherwise, as to how his or her combined impairments equal a listing. *See Lewis*, 236 F.3d at 514. Although it is the claimant's burden at step three, "[a]n ALJ must evaluate the relevant evidence before concluding that a claimant's impairments do not meet or equal a listed impairment. A boilerplate finding is insufficient to support a conclusion that a claimant's impairment does not do so." *Id.* at 512. However, the ALJ is not required to state why a

claimant fails to satisfy every criteria of the listing if the ALJ adequately summarizes and evaluates the evidence. *Id.*; *see also Gonzalez v. Sullivan*, 914 F.2d 1197, 1200-01 (9th Cir. 1990).

### B. Analysis

Here, the ALJ found Petitioner's depressive disorder, anxiety disorder, migraine headaches, and tinnitus were severe impairments at step two. (AR 15.) At step three, the ALJ concluded Petitioner's migraines did not meet or equal a listed impairment, stating only: "[m]igraine headaches do not have a listing (See SSR 19-4p)." (AR 16.)

Petitioner argues the ALJ erred at step three by failing to assess whether his migraines equaled Listing 11.02B, after having concluded that his migraines were a severe impairment. (Dkt. 23 at 6-13.)[4] Respondent maintains the ALJ properly evaluated the listings at step three and, alternatively, any error by the ALJ was harmless. (Dkt. 24 at 8-12). The Court finds the ALJ committed legal error by failing to analyze Petitioner's migraines at step three.

Migraines are not a specifically listed impairment. SSR 19-4p at 9. If an impairment is not described in the Listing of Impairments, the regulations require that the ALJ "compare [a claimant's] findings with those for closely analogous listed impairments." 20 C.F.R. § 404.1526(b)(2) (effective March 27, 2017). "If the findings

---

[4] Petitioner also argues the ALJ erred at step three by failing to adequately evaluate Petitioner's depression and anxiety under Listings 12.04 and 12.06. Because the case will be remanded for further review based on other reasons, the Court will not address this additional argument for remand.

related to [a claimant's] impairment(s) are at least of equal medical significance to those of a listed impairment, we will find that [the] impairment(s) is medically equivalent to the analogous listing." 20 C.F.R. § 404.1526(b)(2); *see also* SSR 19-4p at 9 (The Commissioner "may find that a primary headache disorder, alone or in combination with another impairment(s), medically equals the listing.").

The SSA's Program Operations Manual System ("POMS") similarly directs that, in determining medical equivalence for unlisted impairments, the ALJ should: (1) discuss the claimant's impairments, medical findings, and nonmedical findings; (2) identify the most closely analogous listing; (3) compare the findings of the claimant's impairment to the findings of the most closely analogous listing; (4) explain why the findings are at least of equal medical significance to the findings of the most closely analogous listing; and (5) cite the most closely analogous listing used to determine medical equivalence. POMS DI 24508.10(E)(2)(b) (effective Feb. 13, 2018).[5]

The most analogous listing for determining medical equivalence for migraines is Listing 11.02 (Epilepsy). *Woolf v. Saul*, No. 1:18-CV-00280-CWD, 2019 WL 4580037,

---

[5] The prior version of the POMS included an example for a medical equivalence determination involving migraine headaches - likening migraines to impairments found in Listing 11.02 for epilepsy. POMS DI 24505.015(B)(6)(c) (effective March 29, 2017).The POMS has since been revised and no longer includes the migraine headache example. POMS DI 24508.10 (effective Feb. 13, 2018); *Woolf*, 2019 WL 4580037, at *5. Regardless, the instructions directing the ALJ's consideration of whether impairments not described in the listings are medically equivalent to a listing are the same in both versions. *Compare* POMS DI 24505.015(B)(6)(c), with POMS DI 24508.10(E)(2)(b). Removal of the example involving migraine headaches did not alter the analysis the ALJ was required to undertake at step three, but failed to do so here.

at *5 (D. Idaho Sept. 20, 2019) (citing *Rader v. Comm'r of Soc. Sec.*, No. 2:17-CV-00131-CWD, 2018 WL 4087988, at *3 (D. Idaho Aug. 27, 2018)). SSR 19-4p provides the ALJ with instructions to evaluate whether a claimant's migraines are equal in severity and duration to the criteria in Paragraph B of Listing 11.02, stating:

> Paragraph B of listing 11.02 requires dyscognitive seizures occurring at least once a week for at least 3 consecutive months despite adherence to prescribed treatment. To evaluate whether a primary headache disorder is equal in severity and duration to the criteria in 11.02B, we consider: a detailed description from an AMS of a typical headache event, including all associated phenomena (for example, premonitory symptoms, aura, duration, intensity, and accompanying symptoms); the frequency of headache events; adherence to prescribed treatment; side effects of treatment (for example, many medications used for treating a primary headache disorder can produce drowsiness, confusion, or inattention); and limitations in functioning that may be associated with the primary headache disorder or effects of its treatment, such as interference with activity during the day (for example, the need for a darkened and quiet room, having to lie down without moving, a sleep disturbance that affects daytime activities, or other related needs and limitations).

SSR 19-4p at 4.

The ALJ's step three evaluation here provides no analysis of Petitioner's migraine headaches or Listing 11.02B, despite having found that Petitioner's migraines constituted a severe impairment. Indeed, the ALJ's decision makes no reference to Listing 11.02B. By failing to provide any discussion of whether Petitioner's migraine headaches met or equaled a listing after finding migraines were a severe impairment, the ALJ committed legal error. *See e.g., Woolf*, 2019 WL 4580037, at *5; *Rader*, 2018 WL 4087988 at *4; *Williams v. Berryhill*, No. 2:16-cv-1026, 2018 WL 2234902 at *3 (D. Utah May 16, 2018).

Petitioner's migraines were recognized by the ALJ and were determined to be a

MEMORANDUM DECISION AND ORDER - 8

severe impairment based on the record and facts of the case. (AR 15.) That, coupled with the SSA's above-referenced direction for analyzing unlisted impairments, establishes that the ALJ was required to engage in some evaluation of Petitioner's migraines in making the step three determination. The ALJ's mere reference to SSR 19-4p is insufficient to support a conclusion that Petitioner's migraines did not meet or equal a listed impairment at step three. The ALJ is required to make sufficient findings as to the evidence and listings relevant to those impairments found to be severe. *See Lewis*, 236 F.3d at 512 (The ALJ must "evaluate the relevant evidence before concluding that a claimant's impairments do not meet or equal a listed impairment. A boilerplate finding is insufficient to support a conclusion that a claimant's impairment does not do so.").

Respondent does not dispute that the ALJ failed to analyze Listing 11.02. Instead, Respondent argues Petitioner did not meet his burden at step three to offer a plausible theory of equivalency. Specifically, Respondent contends Petitioner has not identified evidence demonstrating his migraines caused alteration of consciousness. (Dkt. 24 at 8-9.)[6] The Court disagrees.

It is true the general burden of proof is on the claimant at step three and the ALJ is not required to discuss every listing unless the claimant presents evidence of equivalency.

---

[6] Petitioner disputes that alteration of consciousness is required to equal Listing 11.02B. (Dkt. 25 at 4.) Petitioner instead argues the evidence demonstrates that his migraines cause an alteration of awareness equal to the criteria of Listing 11.02B, as he is "unavailable to respond to work or life demands for a period of time" due to the need to lay down and take medications. (Dkt. 25 at 4-5.) Whether the evidence in the record satisfies equivalence to a listing criteria is for the ALJ to determine on remand.

*Burch*, 400 F.3d at 683; *Kennedy*, 738 F.3d at 1178. Here, however, Petitioner has presented plausible evidence of equivalency relevant to his migraines.

Petitioner asserted his migraines are disabling both during the hearing before the ALJ and in his briefing on review. (Dkt. 23, 25); (AR 33-34, 41, 46-47, 60-61.) Petitioner cites medical records reflecting that he consistently reported experiencing migraines one to three times per week, each lasting several hours or all day, and accompanied by nausea and dizziness which required him to lay down in bed. (Dkt. 23); (AR 399, 553, 711, 730.) In particular, Petitioner points to the Compensation and Pension (C&P) Examination of Petitioner's migraine headaches performed by the Veterans Administration (VA) on May 30, 2017. (Dkt. 23 at 7); (AR 728-731.) The C&P Examination, discussed more fully below, contains findings that appear to support Petitioner's claims of disabling migraines.

Petitioner further argues other medical records demonstrate his migraines were not well controlled by medication. (AR 396, 399, 553.) The Court finds this is sufficient to present a plausible theory of equivalency to Listing 11.02B. The ALJ, therefore, was required to assess Petitioner's migraines at step three. *Jones v. Comm'r Soc. Sec.*, 1:19-cv-00109-REB, 2020 WL 7029143, at *5 (D. Idaho Nov. 30, 2020).

Respondent contends the ALJ's discussion of the evidence later in the written decision during his evaluation of Petitioner's symptom statements, establishes that Petitioner's migraines do not meet or equal the criteria of Listing 11.02B. (Dkt. 24 at 9.) The portion of the ALJ's decision relied on by Respondent states:

> The undersigned has considered the guidance of SSR 19-4p in evaluating the claimant's allegations of disabling **migraine headaches**. Migraine headaches were not reported or observed by treatment providers to occur at

> the frequency the claimant alleges (2-3 time per week). A summary from 2016 to 2018 indicated migraine headache[s] were primary complaints in March 7, 2016 (1F.14), May 30, 2017 (1F/10), July 11, 2017 (10F/9). These were described as "not intractable and without status migrainosus." He reported amitryptiline medication (which also treats depression) was helpful at suppressing migraine headache[s] (1F/62), in 2017). Other medical summaries indicate the migraine headache[s] were effectively managed with medications. The residual functional capacity includes some restrictions on environmental irritant and some time off task or absent from work to account for migraines.

(AR 19) (emphasis in original.)[7]

Contrary to Respondent's argument, the ALJ's discussion of the evidence in relation to his evaluation of Petitioner's symptom statements does not satisfy the step three requirement that the ALJ conduct some assessment of whether the relevant evidence of migraines met or equaled a listed impairment. *Lewis*, 236 F.3d at 512. The ALJ's discussion of medical records quoted above, concerns the frequency and treatability of Petitioner's migraines in relation to the ALJ's evaluation of Petitioner's symptom statements. (AR 19) (concluding the "medical records do not substantiate the [Petitioner's] subjective allegations of limitations causing total disability.").

However, the ALJ does not discuss the medical records in relation to the equivalency assessment, despite finding Petitioner's migraines to be a severe impairment. Moreover, the ALJ's decision contains no mention of the C&P Examination which contains findings by Alice Defriese, NP-C, PhD, that are directly relevant to the

---

[7] The ALJ's citation to the record dated July 11, 2017 (10F/9), appears to contain a typographical error. The record is located at (1F/9). The errant citation is noted only for purposes of clarity, as it has no effect on the Court's review.

equivalency criteria for Listing 11.02B. (AR 728-731); SSR19-4p. Critically, the C&P Examination provides a detailed description of a typical headache event and associated phenomena, the frequency of headache events, adherence to treatment, and limitations in functioning associated with the migraines. (AR 728-731). The C&P Examination describes Petitioner's reported migraine symptoms as: "bitemporal and frontal throbbing an[d] sometimes sharp pulsating pains, associated with nausea (has had vomiting 2 or 3 times)," "has photo and phonophobia and headaches can last 6 to 8 hours or more," sensitivity to light and sound, but no prostrating attacks. (AR 728-731.)

The ALJ did not address this record in his written decision and provided no discussion of migraines at step three.[8] The Court is therefore unable to meaningfully review the ALJ's reasoning and determine whether the decision is supported by substantial evidence. Respondent's arguments to the contrary are improper post hoc rationalizations. *See Bray*, 554 F.3d at 1225-26 ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ – not post hoc rationalizations that attempt to intuit

---

[8] Respondent acknowledges the ALJ did not cite to the C&P Examination Note. (Dkt. 24 at 5, n. 2.) The ALJ's decision instead cites only to the VA's summary list of outpatient visits. (AR 19, 363.) Nonetheless, Respondent relies on the C&P Examination's finding that Petitioner's headache condition did not impact his ability to work. That, however, is a determination reserved for the Commissioner. *See* 404.1520b(c)(3)(i). Tellingly, Respondent omits any discussion of the remainder of the C&P Examination Note describing Petitioner's typical headache events, associated phenomena, frequency, and duration. In any event, the Court may not consider reasons proffered by Respondent upon which the ALJ did not rely as a basis to affirm. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

what the adjudicator may have been thinking."). The ALJ did not conclude Petitioner's migraines failed to meet a listing at step three based on a lack of evidence of equivalency and an absence of records showing dyscognitive events or alteration of consciousness as Respondent contends. Rather, the ALJ simply stated migraine headaches do not have a listing, without any discussion or explanation of his reasoning or any indication that he considered Petitioner's migraines at step three.

Because the ALJ's decision is devoid of any reasoning for his listings determination as it relates to Petitioner's migraines, Respondent can only intuit the ALJ's rationale with regard to migraines at step three. The Court, however, is constrained to review only the reasons stated by the ALJ for the decision, not those proffered later by the Respondent. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 207) ("We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely."); *Connett*, 340 F.3d at 874 ("[W]e cannot rely on independent findings of the district court. We are constrained to review the reasons the ALJ asserts."). The Court cannot "affirm the decision of an agency on a ground the agency did not invoke in making its decision." *Stout v. Comm'r of Soc. Sec. Admin*, 454 F.3d 1050, 1054 (9th Cir. 2006) (internal quotation marks and citation omitted); *Bray supra*. As such, Respondent's post hoc arguments postulating the ALJ's reasoning are generally insufficient to cure the ALJ's error at step three.

Alternatively, Respondent argues the ALJ's evaluation of the evidence in the decision establishes that Petitioner's headaches did not satisfy the criteria of Listing 11.02B, and, therefore, any error was harmless. (Dkt. 24 at 9.) Respondent contends the

MEMORANDUM DECISION AND ORDER - 13

ALJ appropriately considered SSR 19-4p, and reasonably concluded the evidence of record establishes that Petitioner's migraine headaches were not intractable, were effectively controlled by medication, and did not interfere with his work activities. (Dkt. 24.) The Court disagrees.

Respondent may be correct in its assessment of the evidence. However, the ALJ did not articulate the contentions asserted by Respondent as the basis for the step three listings finding. Indeed, the ALJ made no findings with regard to whether Petitioner's migraines met or equaled any listing despite having found migraines were a severe impairment. Thus, the Court cannot confidently conclude that no reasonable fact finder would have determined differently. *Williams*, 2018 WL 2234902, at *3 (quoting *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004) (It may be harmless error if the ALJ neglected to discuss relevant evidence at step three provided the Court can confidently say "that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way.")). Further, the evidence in the record concerning Petitioner's migraines is conflicting. The ALJ is in a better position to evaluate the evidence and properly consider step three equivalence in the first instance on remand. *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990).

Nor can the Court conclude the ALJ's error was harmless. An ALJ's error is harmless only if it is "inconsequential to the ALJ's ultimate nondisability determination" or if, despite any legal error, "the agency's path may reasonably be discerned." *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015) (quoting *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) and *Treichler*, 775 F.3d 1099). Had the ALJ determined

Petitioner's migraines met or equaled a listing at step three, the disability determination would have been different. 20 C.F.R. § 404.1520(d). Therefore, the ALJ's failure to consider Petitioner's migraines at step three was not inconsequential to the ultimate nondisability determination. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006); *Lewis*, 236 F.3d at 512 (citing 20 C.F.R. § 404.1520(d)).

2.   **Additional Assignments of Error**

Petitioner also challenges the ALJ's: 1) consideration of the medical opinion evidence; 2) evaluation of Petitioner's symptom statements; and 3) Residual Functional Capacity (RFC) assessment. (Dkt. 23.) The step three evaluation of Petitioner's migraines and the RFC assessment are dependent on the ALJ's proper evaluation of the medical evidence and Petitioner's subjective symptom statements. On remand, the ALJ must therefore reconsider the medical opinion evidence, Petitioner's symptom claims, and the other evidence in the record. Further, the ALJ's reconsideration of the step three findings may be dispositive with regard to whether Petitioner functionally meets the listings. *Lewis*, 236 F.3d at 512 (citing 20 C.F.R. § 404.1520(d)). The Court therefore will not address Petitioner's remaining challenges to the ALJ's decision here. *See Marcia*, 900 F.2d at 176-177 ("Because we remand for reconsideration of step three, we do not reach the other arguments raised.").

3.   **Remand**

Petitioner requests remand for an immediate award of benefits. (Dkt. 23, 25.) The decision whether to remand for further proceedings or to order an immediate award of benefits is within the district court's discretion. *Harman v. Apfel*, 211 F.3d 1172, 1175-78

(9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id*. at 1179 ("[T]he decision of whether to remand for further proceedings turns upon the likely utility of such proceedings.").

But, where there are outstanding issues that must be resolved before a disability determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence was properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman*, 211 F.3d at 1179-80. Likewise, where the circumstances of the case suggest that further administrative review could remedy the ALJ's errors, remand is appropriate. *Revels*, 874 F.3d at 668; *McLeod v. Astrue*, 640 F.3d 881, 888 (9th Cir. 2011); *Harman*, 211 F.3d at 1179-81. Remand is also appropriate when the Secretary is in a better position than the Court to evaluate the evidence. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989).

Here, the Court finds that remand for further administrative proceedings is appropriate. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (remand for benefits is not appropriate when further administrative proceedings would serve a useful purpose). There are outstanding issues that must be resolved before a determination of disability can be made. The ALJ did not sufficiently discuss and evaluate the evidence before concluding that Petitioner's migraines did not equal a listed impairment at step three. Remand for further administrative proceedings is therefore warranted to allow the ALJ to consider the evidence in the record and conduct

an appropriate step three analysis in the first instance.

The remand is on an open record. *See Brown-Hunter*, 806 F.3d at 495; *Bunnell*, 336 F.3d at 1115-16. On remand, if the ALJ determines that Petitioner's impairments, or combination of impairments, meet or medically equal a listing, Petitioner is presumed disabled and benefits should be awarded. If the ALJ concludes the medical evidence is insufficient to raise a presumption of disability at step three, the ALJ should proceed to steps four and five of the sequential evaluation. The parties may freely take up the remaining issues and any other issues relevant to resolving Petitioner's claim of disability, before the ALJ.

## **ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that:

1) The Petition for Review (Dkt. 1) is **GRANTED**.

2) This action is **REMANDED** to the Commissioner for further proceedings consistent with this opinion.

3) This Remand shall be considered a "sentence four remand," consistent with 42 U.S.C. § 405(g) and *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002).

DATED: March 28, 2022

Honorable Candy W. Dale
Chief United States Magistrate Judge